UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| JOHN TYLER GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 4:21-CV-86-JHM |
| | ) |
| OWENSBORO HEALTH, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, John Tyler Green ("Plaintiff" or "Green"), by counsel, brings this action against Defendant, Owensboro Health, Inc., ("Defendant" or "OHI") alleging violations of Title VII of the Civil Rights Act (Title VII) and the Kentucky Civil Rights Act (KCRA).

**II. PARTIES**

2. Green is a resident of Daviess County, Kentucky which is within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. 2000e(b).

6.      Green is an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C. 2000e(f).

7.      Green's state law claims arise from the same common nucleus of operative facts as his federal law claims and all his claims form a single case and controversy under Article III of the United States Constitution.

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

9.      Green satisfied his obligation to exhaust his administrative remedies by timely filing his EEOC Charge against the Defendant alleging discrimination based on sex and sexual orientation– EEOC Charge No.: 474-2021-00247.  The Right to Sue was issued by the EEOC on June 9, 2021 and Green brings this original action within ninety (90) days of the receipt thereof.

## IV.  FACTUAL ALLEGATIONS

10.     Green, who is an openly gay male, was hired by Defendant on or around May 14, 2007, as a part-time nurse extern while he was enrolled in school.

11.     During all relevant time periods, Green met or exceeded the Defendant's legitimate performance expectations. Green regularly received exceptional performance

reviews from his superiors. In or around October of 2020, Green received a satisfactory employment evaluation.

12. After graduating from school, Green was promoted to a full-time Registered Nurse (RN). In 2013, Green was promoted to the Information Technology (IT) department. In 2014, Green was again promoted to the Critical Care Unit (CCU) as a Nurse Supervisor.

13. To his knowledge, Green was the only openly gay employee in the CCU.

14. On or around January 30, 2020, Green applied for a promotion to a management position. On or around February 6, 2020, Green successfully interviewed for the promotion.

15. Rather than promoting Green, the Vice President of Patient Care Services and Chief Nursing Officer, Joni Sims (Sims), made falsified allegations about Green and initiated an investigation against him.

16. Sims alleged that Green was editing patient documents on his own time. However, all other Nurse Supervisors engaged in this same practice on a regular basis, without receiving punishment or disciplinary action.

17. On or around February 19, 2020, Sims, in violation of Defendant's own disciplinary policy, suspended Green for two (2) days. Defendant's policy requires additional steps, such as coaching or a performance improvement plan, prior to taking

such punitive action against an employee. Green did not receive any coaching or improvement plan.

18.     Due to Sims' wrongful suspension of Plaintiff, Green was disqualified from receiving the promotion by both Sims and the Chief Operating Officer, Debbie Bostic (Bostic). However, disciplinary action alone is not a basis for disqualifying an employee from getting a promotion under Defendant's policy.

19.     On or around March 23, 2020, Green followed up with Sims about the promotion. Sims informed Green that he was not getting the promotion by stating, "We don't need any more women supervisors around here, they are too much drama. Maybe you should apply somewhere else."

20.     The following week, Elizabeth Emery informed Green verbally that he was not getting the promotion.

21.     Ultimately, David Spears, a heterosexual male, was given the position Green applied for.

22.     From that time on, Sims avoided working with Green. If Sims entered the same room as Green, she would quickly leave the room without saying anything. Sims regularly brought in baked goods to share with the CCU. However, she would state "these are only for the boys" and indicate that Green was not allowed to have any.

23. On or around December 11, 2020, Green made a Facebook post about the current status of COVID-19 and how it was impacting hospitals. In the past, nurses were always encouraged to speak up for health and safety in their community, which is what Green did with his post. Several other nurses liked and commented on Green's post, in addition to making their own similar social media posts during this time.

24. On or around December 17, 2020, Green was terminated for making a Facebook post. Other nurses made similar posts without receiving any punishment.

25. Defendant's stated reasons for failing to promote and terminating Green are pretext.

26. Green was discriminated against on the basis of his sex, sexual orientation, for not conforming to societal expectations of how men are expected to present themselves in his physical appearance, actions and/or behaviors.

## V. CAUSES OF ACTION

### COUNT I – TITLE VII AND KCRA – GENDER DISCRIMINATION

27. Green hereby incorporates by reference paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Green was subject to unequal treatment because of his sex for not conforming to societal expectations of how men are expected to present themselves in his physical appearance, actions and/or behaviors when he was passed over for promotion, suspended, and terminated from his employment.

29. Defendant's conduct was intentional, willful, and in reckless disregard of Green's rights as protected by Title VII and the KCRA.

30. Green suffered damages as a result of Defendant's unlawful actions.

### COUNT II – TITLE VII – SEXUAL ORIENTATION DISCRIMINATION

31. Green hereby incorporates by reference paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32. Green was subject to unequal treatment because of his sexual orientation when he was passed over for promotion, suspended, and terminated from his employment.

33. Defendant's conduct was intentional, willful, and in reckless disregard of Green's rights as protected by Title VII.

34. Green suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, John Tyler Green, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Reinstate Plaintiff to his previous position, with the same seniority, benefits, and duties he previously held, or award front pay in lieu thereof;

3. Award Plaintiff the promotion that he was discriminatorily denied, or pay Plaintiff the different in salary and benefits for the promotion in lieu thereof;

4. Enjoin Defendant from discriminating against anyone else based on their gender

and/or sexual orientation;

5. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

6. Award compensatory damages under Title VII and the KCRA;

7. Award punitive damages under Title VII;

8. Award all costs and attorney's fees incurred as a result of bringing this action;

9. Award pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                BIESECKER DUTKANYCH & MACER, LLC
                By: _/s/ *Devan A. Dannelly*_
                Devan A. Dannelly
                101 North 7th Street, Ste. 603
                Louisville, KY 40202
                Telephone: (502) 561-3484
                Facsimile: (812) 424-1005
                Email: ddannelly@bdlegal.com
                *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, John Tyler Green, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ *Devan A. Dannelly*
Devan A. Dannelly
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
Email: ddannelly@bdlegal.com
*Attorney for Plaintiff*